## BERNHEIM BROS. & URI *v.* W. H. ANDREWS & BRO.

1. PRACTICE. *Seizure of exempt property for purchase money. Right of judgment creditor to intervene. Case in judgment.*

Where a writ of seizure is sued out to take and sell exempt property to recover the unpaid purchase money thereof, a judgment creditor of the defendant therein has no right to intervene and contest the right of the plaintiff to a judgment and special execution, as provided for by the Act approved March 11, 1884, entitled "An Act to amend § 1255, Revised Code of 1880."

2. SAME. *Seizure of property for unpaid purchase money. Remedy of judgment creditor. Case in judgment.*

And where, in such case, the judgment creditor had previously caused an execution to be levied on the property in question, but acquiesced in the surrender thereof to the officer executing the writ of seizure, his remedy then is to appear and contest the right of the plaintiff to the proceeds arising from the sale of the property under the special execution.

**3.** EXEMPTION.   *Resident of city, town, etc.   Right to select whiskey.*

An exemptionist living in a city, town, or village, may select whiskey, or any other personal, within the limit prescribed, as to value, as his exempt property, under ∤ 1249, Code of 1880.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

Bernheim Bros. & Uri sued out a writ of seizure before a justice of the peace to retake a barrel of whiskey sold by them to one R. P. Howell, and sell it for the unpaid purchase money.

Andrews & Bro. were the judgment creditors of R. P. Howell. An execution had been issued under their judgment and levied on the barrel of whiskey in question.   For some reason the officer who had it in charge allowed it to be taken from him by the officer executing the writ of seizure.

Andrews & Bro., thereupon, intervened in the magistrate's court and contested the claim of the plaintiffs, Bernheim Bros. & Uri, to a judgment awarding a special execution against the barrel of whiskey, as the exempt property of the defendant. The defendant, Howell, did not appear.   Judgment was rendered for the plaintiffs, Bernheim Bros. & Uri, and a special execution awarded for the sale of the whiskey.   Andrews & Bro. appealed from this judgment to the Circuit Court.

The plaintiffs, in the Circuit Court, moved to dismiss the appeal of Andrews & Bro., which motion was overruled.   A judgment was rendered in favor of Andrews & Bro., the nature of which is fully stated in the opinion of the court.   The plaintiffs appealed to this court.

*J. A. Brown,* for the appellants.

Code of 1880, § 1255, is amended by Act of 1884, p. 84, " so as to enable the vendor to subject personal property sold to seizure for the purchase money."

· Can a stranger, who asserts nothing but a judgment lien, appeal from the order of condemnation rendered on the writ of seizure ?

Exempt property is by the Code made liable for the purchase, money, and the Act gives a lien for this purchase money and a special remedy, ending in an order awarding special execution to

sell the exempt property for the purchase money. No judgment lien in favor of a stranger could attach to the exempt property. Questions whether the property is exempt or not, and whether or not the debt is just, and for the purchase money, are settled by the judgment of condemnation, and are conclusive against the world.

The property is, from its nature (whiskey), such as the debtor must *select* in order to make it exempt. Code 1880, § 1249, "personal property to be selected by him not to exceed in value two hundred and fifty dollars." Award of the special execution, which is judgment of condemnation, is conclusive of the fact that this barrel of whiskey is part of the debtor's selected exemption. It is conclusive *against the debtor*, who is the party to the suit, and by separating what is exempt it points out the other property subject to the judgment lien of the stranger. The debtor could make this selection of his exemption without his general judgment creditors having power to interfere. How then can they object if he selects it in the suit for the purchase money? The judgment is conclusive against the debtor that this is his exemption: it is condemned to be sold as such, and he has not appealed. This is so much claimed by him out of his estate as exempt; his right to select $250 in value has been exercised and exhausted *pro tanto*. If the debtor selects the whiskey it is exempt. No general judgment creditor can by suit interfere with this selection. Intervention by a stranger in this special proceeding is not recognized by the statute, and is legally impossible.

*J. A. Brown* also made an oral argument.

*D. Shelton*, for the appellee.

Did the Circuit Court err in overruling the motion of Bernheim Bros. & Uri to dismiss the appeal of Andrews & Bro.?

Andrews & Brother were parties to the litigation below, asserted their own right and contested B. B. & U.'s right against the whiskey adversely to their enrolled judgment, their execution and levy, which contest the justice decided against A. & Bro., by giving judgment that the whiskey be sold to pay B. B. & Co., and judgment was given in the court below in favor of B. B. & U., adversely to Andrews & Bro.

It was legally impossible for the court to dismiss Andrews appeal on such a showing.

The first thing to be shown by B. B. & U. against Andrews & Bro., was that the whiskey was exempt property under the statutes, and if that was not shown, B. B. & U. had no case against A. & Bro.; no pretence of a case. *I contend that under the statutes whiskey is not subject to exemption, and could not be made exempted property.*

It cannot be pretended that whiskey is, or can be, exempted under any provision of Chapter 45, or any other exemption law, unless it be § 1249 of Code of 1880.

*D. Shelton* also argued the case orally

CAMPBELL, J., delivered the opinion of the court.

The appellees had no right to contest the claim of the appellants to a judgment against Howell for the debt he owed them, and as an incident to such judgment to a special execution as provided for by the Act approved March 11, 1884, entitled "An Act to amend § 1255, Revised Code of 1880, etc.," Acts of 1884, p. 84.

As the appellees had a judgment against Howell, and by virtue of an execution on it the property had been seized by a constable for its satisfaction, it was not admissible for another constable, by virtue of the process in his hands, to take it out of the hands of the officer who had taken possession of it; but the appellees acquiescing in the surrender by the officer who had levied their execution to the officer having the writ of seizure, appeared before the justice of the peace who issued the writ of seizure, and contested with the plaintiffs in that suit their demand against Howell, and having failed to defeat them there, appealed to the Circuit Court, where, on issue joined, they obtained a judgment dismissing the claim of the appellants, awarding the property to the officer who had levied the execution on it, and taxing the appellants with the costs.

The extent of the right of the appellees to appear in the court which issued the writ of seizure, was to claim the money produced by the special execution ordered. They could not be heard to object to a judgment in the case between others, and a special

execution followed the judgment, if the case was made out by the plaintiffs against the defendant. The signal for their interposition was when harm was threatened to them. They had the property seized under their execution, and could have held it. The officer permitted it to be taken from him by the officer with the writ of seizure, and the plaintiffs in that execution came into the court to which it was returnable and disputed the right of the plaintiffs to a special execution, when their only right there was to claim the money made by such execution, since they permitted it to be kept by the officer who seized it under the special writ. If they desired to dispute the right of the officer with the writ of seizure to take the property from the officer who had levied their execution on it, their course was not to contest the right of the plaintiffs to a special execution, but to question the right of the officer to execute the writ of seizure by interfering with the previous levy of the execution. Submitting to the unauthorized invasion of their rights by the seizure of the property under the writ of seizure, they should have waited until the special execution, to which the plaintiffs were entitled, had made the money, and claimed that. Thus the rights of all would have been conserved. The plaintiffs would have had judgment and special execution, to which they were entitled, against Howell, and the fruits of it, as far as necessary, would have been made available to the demand of the plaintiffs in the execution which had been levied on the property, if their claim was paramount to that of the plaintiffs in the writ of seizure.

The appeal from the judgment of the justice of the peace should have been dismissed. The parties appealing had no standing in the controversy between the parties to that suit. They had no right to object to a special execution. It could not harm them. The writ of seizure had caused the property to be taken from the officer who held it under execution, and the special execution was the process for its sale.

The court ruled erroneously on the question whether an exemptionist residing in a city, town, or village, in his selection of personal property not to exceed in value two hundred and fifty dollars, may take a barrel of whiskey of less value. The range of selection

within the limits prescribed as to value is unlimited.    It is for the exemptionist to select for himself, according to his judgment, taste, or fancy, and no court can abridge this right which the law has given to him.

*The judgment of the Circuit Court is reversed, and the appeal from the judgment of the justice of the peace dismissed, and all costs in this court and the Circuit Court will be taxed against W. H. Andrews & Bro., the appellees herein.*